Corputa of law
Law Library

**IN THE SUPERIOR COURT
OF GUAM**

PEOPLE OF GUAM,                       )        Criminal Case No. CM273-10
                                      )
                                      )
          v.                          )
                                      )        **DECISION AND ORDER**
                                      )        re: Motion to Dismiss
JUSTIN AKWINAS,                       )
                                      )
                        Defendant.    )
                                      )

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on April 24, 2012. The People are represented by Assistant Attorney General James C. Collins. The Defendant is represented by Suresh Sampath. After considering the matter presented, the Court issues the following decision and order granting the Defendant's motion to dismiss because the People have not shown good cause for delay in the arraignment of the Defendant.

## BACKGROUND

On March 31, 2010, a complaint was filed which charged the Defendant with Assault by Mutual Combat (As a Misdemeanor), Disorderly Conduct (As a Violation), and Public Drunkenness (As a Violation). On April 6, 2012, Defendant filed a motion to dismiss the complaint arguing he was not promptly arraigned following the People's complaint against him.

## DISCUSSION

Under Guam law, a "defendant shall be arraigned promptly after the indictment or information is filed or after the complaint is filed where prosecution by complaint is required by § 1.15." 8 GCA § 60.10(a). Furthermore, the Supreme Court of Guam held, "unless good

cause is shown, a complaint shall be dismissed where a defendant is not promptly arraigned within sixty (60) days of the filing of the complaint." *People v. Rasauo*, 2011 Guam 14 ¶ 14 ("*Rasauo II*"). The Court also held this "standard continues to require a case by case analysis of whether or not the 'specific circumstance' of any given case shows good cause for delay." *Id.*

The Defendant argues the complaint should be dismissed with prejudice because he was arraigned approximately twenty (20) months after the complaint was filed and there is no showing of "good cause" for the delay. However, the People argue the following: (1) the judicial process accounted for the delay which should constitute "good cause"; (2) the Defendant's failure to appear on the date of the Summons further pushed back the actual arraignment date; and (3) the Defendant needed time to consult with his attorney.

Here, the complaint was filed March 31, 2010 and a Summons was issued the same day for an arraignment scheduled for June 30, 2010. The Court notes, the time between the complaint being filed and the initial arraignment date was approximately ninety (90) days, 30 days over the 60-day requirement required by *Rasauo II.* The 60-day speedy arraignment deadline set by the Supreme Court of Guam was violated because the Defendant was not promptly arraigned within the 60-day limit. Furthermore, similar to an alleged violation of speedy trial rights, the burden rests with the People to prove that there is good cause to extend the period of arraignment beyond the 60-day rule. *State v. Feldhacker*, 663 N.W.2d 143, 146 (Neb. App. 2003). The arraignment issue is analogous to the speedy trial issue, in the instant case, because there must be "good cause" to go beyond the 60-day rule.

The People maintain that once a request for a summons is presented the People retain no control over the court's decision about when to calendar the date on which a defendant is to

return to court. Thus, the People advocate that any delay attributed to the court's calendaring of an arraignment should be found to be good cause and not cause the case to be dismissed pursuant to *Rasauo II*. Guam's Supreme Court however makes it clear that it intended the court and its officers to be subject to the prompt arraignment rule put forth in *Rasauo II. Rasauo*, 2011 Guam 14 ¶ 12; *see also* 8 GCA § 80.50(a) (It shall be the duty of all court and judicial officers to expedite such proceedings to the greatest degree that is consistent with the ends of justice). Since the onus is on all judicial officers, in addition to the prosecuting attorneys, to ensure that a defendant is promptly arraigned, the Court holds that the delay created by the Court scheduling the arraignment date after more than sixty (60) days had passed from the filing of the Complaint is not good cause. The Defendant was not promptly arraigned; therefore, this case must be dismissed. *Rasauo*, 2011 Guam 14.

The Court finds that dismissal should be with prejudice. The Supreme Court of Guam applied the statutory speedy trial time period in *Rasauo II*. This is significant because when a Defendant's right to a speedy trial is violated the action against that Defendant is dismissed with prejudice. It is not unreasonable to apply the same rule in the instant case.

Furthermore, similar to *Rasauo* II where the Defendant, "sought pre-trial relief when he filed a motion to dismiss before the trial court… [the Defendant is] not required to show prejudice from the delay." 2011 Guam 14 ¶ 15. Thus, the Defendant is not required to show that he was prejudiced from the delay in the instant case because the case is in pre-trial stage. The Court reiterates that it is the duty of all courts and judicial officers (including the Prosecution) to expedite such proceedings to the greatest degree. See 8 GCA § 80.50(a). Therefore, the Court finds that because (1) speedy trial violations result in dismissal with prejudice; (2) the

Defendant does not have to show prejudice from the delay; and (3) it was the duty of all court and judicial officers to promptly arraign the Defendant, dismissal with prejudice is appropriate.

**CONCLUSION**

Based on the foregoing, the Court finds that the People have not shown good cause for the delay of the Defendant's arraignment. Thus, the Court GRANTS the Defendant's motion to dismiss with prejudice.

SO ORDERED, this 2*7* day of *June* 2012.

Original Signed By:
HON. MICHAEL J. BORDALLO

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

JUN 2 9 2012

Evelyn R. Borja
Deputy Clerk, Superior Court of Guam